MEMORANDUM **
Plaintiff-Appellant Patricia Reed (“Mrs. Reed”) appeals from the district court’s *612 judgment affirming Defendant-Appellee Commissioner’s adoption of the Administrative Law Judge’s (“ALJ”) decision finding her husband Lonnie Reed (“Mr.Reed”) not disabled under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-83f, during the period from July 31,1991 through December 31,1994. Mrs. Reed argues, among other things, that the ALJ made several errors in determining that Mr. Reed’s residual functional capacity (“RFC”) permitted him to perform a full range of light work.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
We review de novo a district court’s order affirming an ALJ’s denial of benefits, and “may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error.” Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir.2009) (internal quotation signals and citation omitted). “Where the evidence as a whole can support either a grant or a denial, we may not substitute our judgment for the ALJ’s.” Id. (internal quotation signals and citation omitted).
Mrs. Reed first argues that the ALJ erred in determining Mr. Reed’s RFC because he improperly discredited Mr. Reed’s testimony by failing to take into consideration corroborating testimony of Mrs. Reed and Dr. Dixon and because his reasons for discrediting Mr. Reed were invalid.
The ALJ’s failure to consider Mrs. Reed’s 1993 questionnaire was harmless because this evidence “was ‘inconsequential to the ultimate nondisability determination.’ ” See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.2006) (quoting Stout v. Comm’r, Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir.2006)). Even when fully crediting this evidence, we can confidently conclude that no reasonable ALJ could have reached a different disability determination. Id.
We further recognize that the ALJ failed to explicitly consider Dr. Dixon’s testimony, but this error was harmless because Dr. Dixon’s testimony was cumulative of the other medical evidence and testimony. See Stout, 454 F.3d at 1055 (allowing the court to affirm “under the rubric of harmless error where the mistake was nonprejudicial to the claimant”).
Finally, while some of the ALJ’s reasons for discrediting Mr. Reed’s testimony were improper, we conclude that there is substantial evidence supporting the ALJ’s decision and that these invalid bases did not affect his ultimate conclusion. See Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir.2004). The ALJ erred in discrediting Mr. Reed based on the change in Mr. Reed’s alleged disability onset date and the purported inconsistency between Mr. Reed’s lack of sleep and working memory and concentration, but the ALJ’s other reasons for discrediting Mr. Reed’s testimony were nonetheless valid. The ALJ also based his determination on the fact that Mr. Reed’s assertions of disability were inconsistent with the degree of medical treatment sought and Dr. Wahl’s testimony that Mr. Reed’s record showed no functional limitations from psychological impairments and that Mr. Reed was noncompliant with medical treatment. Given the consistent and substantial evidence indicating that Mr. Reed was not limited during this time period, the ALJ’s reasoning regarding the disability onset *613 date and lack of sleep did not affect his conclusion rejecting Mr. Reed’s credibility.
Mrs. Reed also argues that the ALJ failed to take into consideration Mr. Reed’s physical limitations due to his somatoform disorder in determining Mr. Reed’s RFC. To the contrary, the ALJ made his determination based on all the medical evidence and testimony presented that Mr. Reed was not functionally limited during this time. The evaluators and the medical experts discussed Mr. Reed’s somatoform disorder but nonetheless found that Mr. Reed was not functionally limited. Further, given that the ALJ limited Mr. Reed to light exertional work despite the medical evidence and testimony that Mr. Reed was not limited, the ALJ did indeed take Mr. Reed’s potential somatoform disorder into account. Accordingly, the ALJ’s RFC determination was supported by substantial evidence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because we find that the ALJ properly determined Mr. Reed’s RFC, Mrs. Reed's argument that the ALJ improperly determined that Mr. Reed was not disabled at step 5, which relies on whether the ALJ properly determined Mr. Reed's RFC, is moot. We also do not address any arguments raised for the first time in Mrs. Reed's reply brief. See Sanchez v. Pac. Powder Co., 147 F.3d 1097, 1100 (9th Cir.1998).